UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
<u>COURT MINUTES & ORDER</u>

| | |
|---|---|
| CHAPTER | 7 |
| DATE: | November 16, 2011 |
| JUDGE: | Margaret Dee McGarity |
| CASE NO.: | 11-34550-MDM |
| DEBTOR: | Mary L. Lark |
| NATURE OF HEARING: | Order to show cause against Mr. Lee as to why the petition preparer fees should not be disgorged, as to the value of services rendered, and other sanctions. |
| APPEARANCES: | Amy Ginsberg, Trial Attorney for United States Trustee |
| | Stephen Lee, Bankruptcy Petition Preparer |
| COURTROOM DEPUTY: | Carolyn A. Belunas |
| TIME: | 11:48 am - 12:44 pm |

The court heard testimony from Mr. Lee with regard to his pro se self-help business in which he provides services to pro se debtors who want to file for bankruptcy and cannot afford to pay an attorney. His business is located at 8201 West Capitol Drive, Suite 100, Milwaukee, Wisconsin. He testified he does not remember this debtor. As part of his usual service, he obtains the necessary bankruptcy forms from the Clerk's office in Room 126 of this building, and provides copies of these forms to pro se debtors. He reviews the forms with them, tells them to read each question carefully, and advises them to fill in the blanks or check the boxes as appropriate. He also reviews the statement of financial affairs with them. He tells debtors they cannot file for bankruptcy until they take credit counseling. He testified he does not provide legal advise and he does not believe his standard fee of $90 is excessive or unreasonable. He does not consider himself a bankruptcy petition preparer. He stated he did not pay any attention to question #9 on the SOFA, which asks for fees paid in connection with filing a bankruptcy case, and only told her to read and answer it.

Ms. Ginsberg stated she is concerned with regard to Mr. Lee's testimony with respect to question #9 on the SOFA. She believes he has a duty to disclose that information in the schedules. She requested the court order sanctions in the amount of $500, for violation of § 110(h)(2), for not making that disclosure.

The court found that Mr. Lee is a bankruptcy petition preparer and this was not properly disclosed in the debtor's petition and schedules. However, the court is satisfied he did not intentionally violate §110(h)(2), because he incorrectly interpreted BPP requirements and question #9 on the SOFA. He also stated he has changed his procedures. Therefore, no sanctions will be issued for violations under §110.

The court is not satisfied the debtor received adequate services from Mr. Lee because the schedules were sloppy and they were not filled out properly. In his written response, he stated he reviewed the schedules, but his review was insufficient. The debtor's case was dismissed for failure to request credit counseling prior to filing this case. The instructions he gave the debtor about a temporary waiver of the counseling requirement were incomplete and misleading.

The court ordered Mr. Lee to refund to the debtor $90, within thirty (30) days from the date of this order, for failure to provide services of any value, and he must provide proof to the court he has done so.

SO ORDERED.
November 18, 2011

                                                    Margaret Dee McGarity
                                                    United States Bankruptcy Judge